## Delaware County School Directors Appeal.

Argued November 18, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused March 23, 1966.

*Lewis B. Beatty, Jr.* and *J. P. McCord,* with them *Alan Miles Ruben,* Deputy Attorney General, and *Butler, Beatty, Greer & Johnson,* for appellant.

*Robert F. Jackson,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, February 16, 1966:

On August 14, 1963 the Legislature amended the Public School Code of 1949[1] to provide for the establishment of area vocational and technical institutes within the public school system of the Commonwealth. Pursuant to this amendment,[2] thirty-nine of the school

---

[1] Act of March 10, 1949, P. L. 30, 24 P.S. §1-101 et seq.

[2] Act of August 14, 1963, P. L. 1065, 24 P.S. §18-1840 et seq. (Supp. 1965).

districts of Delaware County[3] entered into an agreement which created an Area Vocational-Technical Board out of the existing County Board of School Directors.[4] The agreement empowered the area board to undertake the establishment and operation of vocational-technical schools within the county.

The area board thereafter adopted a resolution condemning for school purposes some ten acres of land located in Marple Township, Delaware County, belonging to Bridget Gallagher.[5] A declaration of taking was filed on November 27, 1964, and notice thereof given to Mrs. Gallagher in compliance with the Eminent Domain Code.[6] Mrs. Gallagher filed preliminary objections to the declaration,[7] alleging, inter alia, that the

---

[3] All of the school districts of Delaware County participated with the exception of the City of Chester, which already operated a vocational-technical school.

[4] Under the 1963 amendment, an area vocational-technical board could be "a county board of school directors, two or more county boards acting jointly, the board of public education of a school district of the first class and first class A, or joint board comprising school districts of the first class A, second, third or fourth class. . . ." Act of March 10, 1949, P. L. 30, as amended, Act of August 14, 1963, P. L. 1065, 24 P.S. §18-1840 (Supp. 1965).

[5] Area boards were empowered, inter alia, "to acquire real property by . . . condemnation, for the purposes of area vocational-technical schools and technical institutes. . . ." Act of March 10, 1949, P. L. 30, as amended, Act of August 14, 1963, P. L. 1065, 24 P.S. §18-1843(5) (Supp. 1965).

[6] Act of June 22, 1964, P. L. 84, 26 P.S. §1-101 et seq. (Supp. 1965).

[7] "Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. . . . Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver

amendment authorizing the establishment of area vocational-technical schools violated the Constitution of Pennsylvania.

Upon consideration of the preliminary objections, the court held that the amendment which authorized the creation of the area board and endowed it with the power of eminent domain violated Article III, §20 of the Constitution of Pennsylvania.[8] The court therefore entered an order sustaining the objection of the property owner, and held the declaration of taking void and of no effect. This appeal by the area board followed.

On February 1, 1966, however, yet another amendment to the Public School Code of 1949, supra, was approved by the Governor.[9] The new amendment became effective immediately. This new amendment substantially revised and in part repealed the 1963 amendment which is the subject of this appeal. While we offer no opinion as to the effect of the latest amendment on the merits of the present appeal, we must take cognizance of the fact that the passage and approval of that amendment may have a significant bearing on the proceedings involved in this case.

---

thereof." Act of June 22, 1964, P. L. 84, 26 P.S. §1-406 (Supp. 1965).

[8] Article III, §20 of the Constitution of Pennsylvania provides: "The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever." This clause must be read in the light of its historical origins (see, e.g., *Tranter v. Allegheny County Authority*, 316 Pa. 65, 78, 173 Atl. 289, 295 (1934), and its subsequent interpretation by this Court. See, e.g., *Wilson v. Philadelphia School District*, 328 Pa. 225, 240, 195 Atl. 90, 99 (1937). In *Wilson* it was determined that this Article prohibited the Legislature from delegating to any non-elective body the power to levy taxes.

[9] Act No. 579, 1965 Session, approved and effective, February 1, 1966.

402

We therefore feel compelled to vacate the order of the court below and to remand the record to the Court of Common Pleas of Delaware County for further consideration in light of Act No. 579, 1965 Session, approved and effective, February 1, 1966.

The order of the Court of Common Pleas of Delaware County dated April 5, 1965 is vacated and the record is remanded to that court for further consideration.